UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGGY ST. CROIX,

      Plaintiff,

v.                           Case No. 8:12-cv-891-T-33EAJ

GENENTECH, INC.,

      Defendant

_____/

**ORDER**

This cause is before the Court pursuant to Defendant's Rule 12(b)(6) Motion to Dismiss and/or Rule 12(e) Motion for a More Definite Statement (Doc. # 10), filed on May 1, 2012. Plaintiff Peggy St. Croix filed a Response in Opposition to the Motion (Doc. # 11) on May 18, 2012. For the reasons that follow, the Court grants the Motion to Dismiss, denies as moot the Motion for More Definite Statement and dismisses the Complaint without prejudice.

## I.   Background

On January 23, 2012, St. Croix filed suit in state court against Defendant Genentech, Inc. for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. 201, <u>et</u> <u>seq</u>. (Doc. # 2). Genentech removed the case to this Court on April 24, 2012. (Doc. # 1).

In Count I, St. Croix alleges that she was employed by Genentech "as a Pharmaceutical Sales Representative, also

known as a Hepatology Specialist" and that "at all material times hereto" she worked in excess of forty hours per work week. (Id. at ¶¶ 5-6). She alleges that Genentech failed to pay her time and a half for the excess hours worked and that its failure to do so was "intentional and willful." (Id. at ¶¶ 7-8). In Count II, St. Croix alleges that "at all times material" Genentech employed "numerous individuals who were similarly situated" and that Genentech intentionally and willfully failed to compensate such individuals for overtime. (Id. at ¶¶ 11-14). She seeks overtime compensation, liquidated damages, prejudgment interest, attorney's fees and costs.

## II.  **Legal Standard**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009). While such  factual allegations need not be detailed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

"To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'q, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (internal quotations and citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

III. **Analysis**

Genentech moves to dismiss the Complaint in its entirety because St. Croix's "conclusory and wholly unsubstantiated" allegations fail to state a claim upon which relief can be granted. (Doc. # 10 at 11). In the alternative, Genentech moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Genentech argues that the Complaint "provides no detail concerning when or where [St. Croix] was allegedly employed, whether she was exempt or non-exempt, her theory of recovery, how many hours she allegedly worked, or the date(s) of the alleged violation(s)." (Id. at ¶ 3). Genentech further asserts that Count II fails to provide any specifics regarding the

alleged "similarly situated" individuals who did not receive overtime compensation. Finally, Genentech argues that St. Croix provides no factual basis for her allegations that Genentech's actions were intentional and willful.

To establish a prima facie case of liability for unpaid overtime under the FLSA, a plaintiff must demonstrate that (1) the defendant employed her; (2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff actually worked in excess of a 40-hour work week; and (4) the defendant failed to pay her overtime wages as required by law. Hines v. Detail Dynamics, Inc., No. 6:09-cv-1116-Orl-28DAB, 2011 WL 4447753, at *2 (M.D. Fla. Oct. 5, 2010) (citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). The plaintiff must show "'as a matter of just and reasonable inference' the amount and extent of [her] work in order to demonstrate that [s]he was inadequately compensated under the FLSA." Ekokotu v. Fed. Express Corp., 408 F. App'x 331, 340 (11th Cir. 2011) (quoting Caro-Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1513 (11th Cir. 1993)).

The Complaint in this instance offers scant facts in support of a prima facie case for FLSA violations. The Court accepts as true that St. Croix is or was employed by Genentech

4

and can infer that a company the size of Genentech is an enterprise engaged in interstate commerce. However, the Complaint offers only conclusory allegations that, "[a]t all times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours per work week." (Doc. # 2 at ¶ 5). St. Croix provides no dates or date ranges during which she worked overtime or any other factual basis on which this Court can make a "just and reasonable inference" as to the amount and extent of her work.

Thus, the Court finds that St. Croix has failed to establish a prima facie case demonstrating that she was inadequately compensated under the FLSA. See Rance v. Rocksolid Granit USA, Inc., 292 F. App'x 1, 2 (11th Cir. 2008) (affirming dismissal of complaint for failure to provide evidence of the amount and extent of work). Count I is therefore dismissed.

Count II of the Complaint is also deficient. "The FLSA authorizes collective actions against employers accused of violating the FLSA." Morgan, 551 F.3d at 1258 (citing 29 U.S.C. § 216(b)). However, "[t]he FLSA itself does not define how similar the employees must be before the case may proceed as a collective action." Id. at 1259. Nonetheless, the Eleventh Circuit has directed that the employees should be

"'similarly situated' with respect to their job requirements and with regard to their pay provisions." Id.

St. Croix fails to set forth any facts supporting her allegations that other Genentech employees are or were similarly situated. She provides only her job title, which is not the same as a job description. Pickering v. Lorillard Tobacco Co., Inc., No. 2:10-cv-633-WKW(WO), 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011). Furthermore, the Complaint provides no description of the job duties (or even the job titles) of the alleged similarly situated employees. Nor are there any allegations concerning the similarly situated employees' pay provisions. St. Croix merely seeks relief on behalf of "numerous individuals who were similarly situated" -- a legal conclusion that does not satisfy Twombly and Iqbal pleading standards. See id. (dismissing a similar FLSA collective action claim as factually deficient). Count II is therefore dismissed as well.

Accepting the allegations in the Complaint as true, the Court finds that St. Croix has failed to adequately state a prima facie case for FLSA violations. Furthermore, she has failed to sufficiently allege the basis for a collective action on behalf of others similarly situated. The Court therefore grants the Motion to Dismiss. The Complaint is

dismissed without prejudice. St. Croix may file an amended complaint within 14 days of the date of this Order.

This conclusion obviates the need to discuss Genentech's alternative Motion for a More Definite Statement. The alternative Motion is denied as moot.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. # 10) is **GRANTED**. Defendant's Rule 12(e) Motion for a More Definite Statement (Doc. # 10) is **DENIED AS MOOT**. The Complaint is dismissed without prejudice. St. Croix may file an amended complaint within 14 days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of June, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record

7